## ROSE v STATE ex LIEGHLEY

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12796.   Decided April 24, 1933

Herman E. Kohen and William M. Durkin, of Vickery, Duffey & Vickery, Cleveland, for plaintiff in error.

Frank T. Cullitan, Cleveland, for defendant in error.

SHERICK, PJ, LEMERT and MONTGOMERY, JJ (5th Dist), sitting.

SHERICK, PJ.

Both Attorney Cook and the plaintiff in error were found guilty of contempt of court. That branch of this action with which Cook is concerned, has been previously considered and disposed of by another branch of this court, and we are only here concerned with that which pertains to the plaintiff in error Rose. The judgment of the court in this matter was as follows:

"Emanuel M. Rose is adjudged in direct contempt of court, in that the said defendant obstructed the administration of justice in this court in the case of State of Ohio v Edna Cameron by failing as counsel for defendant to appear for trial when case was called, knowing that said case was assigned to Room 4, and failing to notify the court of the true facts with reference to disappearance of client and withdrawal of Attorney Nathan E. Cook from case, and for not using ordinary care to produce his client, and permitting her to escape."

Now considering the evidence in this case in that counsel did not appear for trial when the case was called, the result of our search is that we find that there is no evidence of this fact. It appears that Rose was in attendance at court awaiting the call of the case during the greater part of the morning and that his client was present awaiting trial. It appears that he made diligent effort to find his associate counsel upon whom he relied to try the case, and

that he repaired to the Court Room to so inform the court. It is true that he did not notify the court that Cook had withdrawn from the case and that his client had walked away from him. In this he is perhaps reprehensible in some degree, but we are convinced from a reading of this record that any such non-disclosure was not for the purpose of obstructing justice or in assisting his client to make an escape. We rather place it to inexperience and nervousness after having been abandoned by his client and by associate counsel upon whom he relied and knowing that he had to face an irate court when he returned to the judge in chambers, and we feel in this respect that if the court had admonished him concerning his failure to make full disclosures that the punishment thereby inflicted would have been sufficient. We find in this record no fact or reasonable inference that can lead us to believe that the plaintiff in error purposely intended a contemptuous act.

Considering further the finding that Rose had not used ordinary care to produce his client, and permitting her to escape; we do not find in this record any charge or claim that Rose had advised his client to stay away from the court. Rather the proof. is otherwise that he had produced her and was seeking to produce her after the case had been called.

Perhaps it is unnecessary for us to indulge in a consideration of the impropriety of the trial court punishing the plaintiff in error as for contempt summarily. The court no doubt had in mind §12136 GC providing that a court may so punish one guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice; but we would point out the fact that the matter of the charge placed against the plaintiff in error was not within the knowledge of the court. In other words, his own senses did not tell him that Rose had done some contemptuous acts. It required evidence to establish such a fact and as previously noted, it will be remembered that the court said from the evidence already before him Rose should make an explanation of his conduct and thereupon Rose was called for examination.

We believe it to be the better practice that where a court has not a personal knowledge through the medium of his own senses at the time the act is committed but must rely for his knowledge from evidence thereafter to be produced, that a written charge should be filed and the accused afforded an opportunity to know the nature

of the charge placed against him before sentence is imposed upon him. He has a right to obtain counsel in his own behalf and to an opportunity to prepare himself for a defense to the charges made.

It is rather a serious thing to deprive one of his property and his liberty without being able to avail himself of these well recognized rights.

It is, therefore, our judgment that the judgment be reversed and the plaintiff in error discharged. Exceptions.

LEMERT and MONTGOMERY, JJ, concur.